NATHAN B. HAYES, TRUSTEE, ETC., v. EDWARD C. CUM-
MINGS.

*Logging contract—Construction—Purchase scale.*

The term "purchase scale," as used in a contract made by the
    assignee of an insolvent firm to manufacture certain pine and
    ash logs which had been purchased for the firm by one of its
    members, and afterwards sold to him by the firm, which had
    agreed to saw them for him at a fixed price per thousand,
    the pine logs at "purchase scale" and the ash logs at "full
    scale," and which terms were used in like manner in the con-
    tract made by the assignee, is construed as meaning, as to the
    pine logs, the scale made when they were purchased for the
    firm.

Error to Montcalm. (Smith, J.) Argued February 15,
1894. Decided February 27, 1894.

*Assumpsit.* Defendant brings error. Reversed. The
facts are stated in the opinion.

*FitzGerald & Barry ( George H. Cagwin* and *F. A.
Stace,* of counsel), for appellant.

*Ellis, Nichols & Miller,* for plaintiff.

GRANT, J. Charles D. King, Charles S. Smith, and
Jacob Boyer were copartners under the firm name of King,
Smith & Boyer, and were engaged in purchasing logs, and
manufacturing and selling lumber. In 1888, Boyer, in the
absence of King, purchased in the name of the firm tim-
ber consisting of pine, cedar, tamarack, basswood, ash,
elm, maple, and oak. King, on his return, was dissatis-
fied with the purchase, and on January 28, 1889, the firm
sold this timber to Mr. Boyer, the agreement being evi-
denced by the following contract:

"We hereby agree to sell to Jacob Boyer all the pine logs bought on Fish creek at cost, to be settled for by the books, and to be paid for by him at once. We also agree to saw the said logs for $2.50 per M., to be sawed at purchase scale, and dead culls to be piled on lumber or wood yard to the credit of the Mill Co. He also agrees to take all the cedar and black ash, or as much as he can put to the creek on sleighs, and pay for the same as soon as delivered on the bank of creek; said black ash to be sawed at same price as pine, but to be scaled full; saw bill to be paid as fast as cut, or enough of it to pay mill help, and balance to be paid when all is cut."

Mr. Boyer had borrowed money for the purchase of these logs from a bank of which defendant was cashier, and, in order to secure the bank, he had executed a bill of sale to it. In April, 1889, the firm made an assignment of all the firm property to plaintiff for the benefit of their creditors. Application being made to plaintiff to saw the logs according to the agreement, plaintiff and defendant executed a contract, the part of which material to be given is as follows:

"This agreement, made and entered into this sixth day of June, A. D. 1889, by and between Nathan B. Hayes, as trustee for the firm of King, Smith & Boyer, of the first part, and Edward C. Cummings, of the village of Carson City, Michigan, party of the second part, witnesseth:

"The said party of the first part, as trustee for the said firm of King, Smith & Boyer, hereby leases unto the said party of the second part the steam saw-mill belonging to said firm of King, Smith & Boyer (which mill is situated at Carson City, aforesaid), together with all the appurtenances, fixtures, and tools thereunto belonging and necessary to run and operate said mill, to cut and manufacture into lumber all the logs now in the Carson City mill pond, supposed to be about eleven hundred thousand feet, and the said Edward C. Cummings is to pay therefor the sum of two and 50-100 dollars per thousand feet (less expense of help and running expenses); the pine at purchase scale, and the balance to be scaled full; the dead culls of pine to be piled on lumber or wood yard to the credit of the

mill. Said Cummings is to pay therefor as follows: He is to pay for the help and expenses of running the mill as the same shall be incurred by him, which expense of help and running expenses are to be deducted from the two and 50-100 dollars per M. feet, and, when the sawing is done, the balance of said two dollars and fifty cents per thousand feet is to be paid to said party of the first part for the use and benefit of said firm."

On the margin of this agreement was written the following: "The logs to be scaled by Wm. Stone," and signed by Nathan B. Hayes, trustee, and E. C. Cummings. This suit is brought to recover the amount due under this contract.

The court left it to the jury to determine what was meant by the term "purchase scale." Under the instruction of the court the jury evidently adopted the scale of the pine made by Mr. Stone as it was cut at the mill. There is no doubt as to the meaning of the term "purchase scale." It clearly meant the scale made at the time of the purchase. There being no doubt as to the meaning of the contract, it was the duty of the court to construe it, and the jury should have been instructed to adopt the purchase scale.

For this error the judgment must be reversed, and a new trial ordered.

McGRATH, C. J., MONTGOMERY and HOOKER, JJ., concurred. LONG, J., did not sit.